IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,

*Plaintiff*,

vs.

U.S. DEPARTMENT OF JUSTICE, et al.,

*Defendants*.

Case No. 25-cv-2597-TSC

**PLAINTIFF'S UNOPPOSED MOTION FOR EXPEDITED CONSIDERATION AND JOINT PROPOSED BRIEFING SCHEDULE**

Pursuant to 28 U.S.C. § 1657, Plaintiff Democracy Forward Foundation ("DFF") respectfully requests this Court provide expedited consideration of DFF's Motion for Summary Judgment, which concerns DFF's entitlement to expedited processing of its Freedom of Information Act ("FOIA") requests on the Trump Administration's handling of the Jeffrey Epstein case and case files. *See* Pl.'s Mot. for Summ. J., Aug. 11, 2025, ECF No. 4 ("Pl.'s Mot."). Expedited consideration of DFF's Summary Judgment Motion by this Court accords with the directives of both the Federal Courts Civil Priorities Act, 28 U.S.C. § 1657, and the FOIA, 5 U.S.C. § 552, and there is "good cause" to expedite consideration here given the "special public interest" in the subject matter of DFF's FOIA requests. Finally, because this case presents a discrete issue—expedited processing under a single regulatory provision—expedited consideration will not unduly burden Defendants or the Court.

*First*, as a court in this district has noted, the Federal Courts Civil Priorities Act "encourages priority for FOIA cases." *See Comm. on Ways & Means v. U.S. Dep't of the Treasury*, No. 19-cv-1974 (TNM), 2019 WL 4094563, at *1 (D.D.C. Aug. 29, 2019) (noting that the Act "specif[ies] claims under [FOIA] as an example in which good cause for expediting may exist," before noting that there is "no similar fast-track" "authorized" for the non-FOIA claim then at bar). The text of the Act instructs: "[T]he court shall expedite the consideration of any action . . . if good cause . . . is shown," 28 U.S.C. § 1657(a); and specifically states "'good cause' is shown" "if a right . . . under section 552 of title 5"—which comprises the statutory provisions of FOIA—"would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id.* Congress intended that this "'good cause' provision be liberally construed by the courts in granting requests for expedited consideration under the Freedom of Information Act." *Ferguson v. FBI*, 722 F. Supp. 1137, 1144 (S.D.N.Y. 1989) (quoting H.R. Rep. No. 98-985, at 6 (1984), reprinted in 1984 U.S.C.C.A.N. 5708, 5784 ("Civil Priorities Act Report")); *Brennan Ctr. for Just. at N.Y.U. Sch. of L. v. U.S. Dep't of State*, 300 F. Supp. 3d 540, 547 (S.D.N.Y. 2018) (quoting same).

*Second*, this is a case where "a right under the . . . [FOIA] would be maintained" by granting expedited court consideration, *see* 28 U.S.C. § 1657(a), because the FOIA instructs agencies to provide for expedited processing of certain FOIA requests. Indeed, the D.C. Circuit has recognized that FOIA's expedited processing provision "underline[s] Congress' recognition of the value in hastening release of certain information." *Edmonds v. FBI*, 417 F.3d 1319, 1324 (D.C. Cir. 2005). Pursuant to FOIA's directive, Defendant U.S. Department of Justice ("DOJ") afforded FOIA requesters a right to expedited processing in cases where their requests involve a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv). Plaintiff's Motion

for Summary Judgment submits that DFF is entitled to expedited processing under this provision as a matter of law. *See* Pl.'s Mot. at 1-2. Expedited court consideration of Plaintiff's Motion would serve the purpose of FOIA in providing for expedited processing: ensuring prompt public access to information on matters of intense public interest that raise concerns about the government's integrity. *See* 5 U.S.C. § 552(a)(6)(E)(i)(II); 28 C.F.R. § 16.5(e)(1)(iv). By contrast, extended delay in resolving the issue of DFF's right to expedited processing under FOIA would defeat the very purpose for which Plaintiff seeks relief.

*Third*, this case presents "a factual context that indicates that a request for expedited consideration has merit," 28 U.S.C. § 1657(a), given the "special public interest" in the subject matter of DFF's FOIA requests. Courts construing the "factual context" language of § 1657(a) have explained "Congress contemplated" that "[l]itigants who can persuasively assert that there is a special public or private interest in expeditious treatment of their case will be able to use the general expedition provision." *Freedom Commc'ns, Inc. v. FDIC*, 157 F.R.D. 485, 487 (C.D. Cal. 1994) (quoting Civil Priorities Act Report at 5782). Few topics have received more extraordinary levels of public interest than the Trump Administration's handling of the Epstein matter—the topic of the FOIA requests for which DFF seeks expedited processing via its Motion for Summary Judgment. *See* Pl.'s Mot. at 11-18. DFF submitted more than 65 news articles[1] to the agency in support of its yet unanswered requests for expedited processing. *See* McGrath Declaration ("Decl.") Exhibits ("Exs.") 1, 2, 3. Media outlets report "[t]he controversy over transparency and accountability in the Epstein investigation remains a focal point for the public, with polls indicating *most Americans*—across party lines—believe the government is concealing evidence related to the case." *See id.* Exs. 1, 2 (quoting Anna Commander, *Republican Targeted by Trump Says Epstein*

---

[1] By no means an exhaustive compilation of the widespread reporting on the subject.

*Issue 'Not Going to Go Away*, Newsweek (July 23, 2025), https://perma.cc/8YHB-FUNE (emphasis added)). An issue causing "most Americans" to doubt the veracity of their government is plainly a matter of "special public interest."

In sum, the Civil Priorities Act instructs courts to expedite consideration of an action if a right under FOIA would be maintained in a factual context where there is a special public interest in expeditious treatment of the case. *See* 28 U.S.C. § 1657(a); Civil Priorities Act Report at 5782. Expedited consideration of DFF's Motion for Summary Judgment by this court would maintain DFF's right to expedited processing of its requests under FOIA and would serve the special public interest arising from high-ranking officials' apparent inconsistencies and conflicts of interest in handling a matter concerning the most serious of crimes: sex-trafficking of minors.

Defendants do not oppose Plaintiff DFF's motion for expedited consideration and the parties jointly agree to the following briefing schedule to resolve the motion:

- Defendants' Opposition and any Cross-Motion: by **September 8, 2025**
- Plaintiff's Reply and any Opposition: by **September 16, 2025**

Further, the parties propose and agree that the Defendants' Answer deadline may be held in abeyance until after the Court resolves Plaintiff's Motion for Summary Judgment on the issue of expedited processing.

For the reasons stated herein, DFF respectfully requests the Court expedite consideration of its Motion for Summary Judgment. A proposed order is attached.

Dated: August 13, 2025                                  Respectfully submitted,

      /s/ *Daniel A. McGrath*

Daniel A. McGrath
(D.C. Bar No. 1531723)
Amy C. Vickery
(admitted pro hac vice)
Robin F. Thurston
(D.C. Bar No. 7268942)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
dmcgrath@democracyforward.org
avickery@democracyforward.org
rthurston@democracyforward.org

## **CERTIFICATE OF SERVICE**

    I, Daniel A. McGrath, certify that I filed the foregoing and its attachments with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. Contemporaneously with filing, undersigned counsel is sending copies of this motion and attachments to the U.S. Department of Justice by electronic mail.

/s/ Daniel A. McGrath
Counsel for Plaintiffs
