UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE, et al.,<br><br>    Defendants. | Civil Action No. 25-cv-2597 (TSC) |

**JOINT STATUS REPORT**

Pursuant to the Court's November 24, 2025 Minute Order, the parties have conferred via email and over video call and respectfully submit this Joint Status Report to advise the Court on further proceedings and proposed next steps regarding Plaintiff's Freedom of Information Act ("FOIA") requests:

1. This case concerns Plaintiff Democracy Forward Foundation's ("DFF") FOIA requests, across six letters dated July 25, 2025, sent to several Department components and/or the Department's Mail Referral Unit ("MRU"), and an additional FOIA request sent by letter dated July 28, 2025. Decl. of Daniel McGrath, Ex. 1 at 8-44, ECF No. 4-2; Ex. 2 at 45-55. Those requests seek records "regarding the Justice Department's handling of files related to the Jeffrey Epstein investigation." Mem. Op., ECF No. 17. Plaintiff also requested expedited processing for those requests. McGrath Decl. Ex. 1 at 9-16; Ex. 3 at 1, ECF No. 4-2 at 57-59. DFF subsequently filed suit on August 8. Compl., ECF No. 1. DFF alleged a single count of "Failure to Grant Expedited Processing." *Id.* at Claim For Relief, Count I. It sought an order for DOJ and FBI to

grant expedited processing "by providing Plaintiff with a determination and production of non-exempt portions of the requested records as soon as practicable." *Id.* at Request For Relief ¶ 1.

2. On October 15, Plaintiff filed an unopposed motion for leave to amend its complaint under Federal Rule of Civil Procedure 15(d) for supplemental pleadings. Unopposed Mot. for Leave to File Am. Compl., ECF No. 15. The proposed amended complaint added a count concerning Defendants' alleged failure to issue determinations and promptly produce non-exempt portions of records responsive to Plaintiff's requests within the required statutory time period. Redline of Proposed Am. Compl., ECF No. 15-1.

3. Prior to Plaintiff's motion for leave to amend, the Parties fully briefed Plaintiff's motion for summary judgment on the sole claim in the Complaint that Defendants constructively denied Plaintiff's requests for expedited processing. ECF Nos. 4, 9-10. The Court previously ordered that Defendants' time to respond to the Complaint be held in abeyance pending the Court's order on the motion for summary judgment. Minute Order (Aug. 13, 2025).

4. On November 24, 2025, the Court granted in part and denied in part Plaintiff's motion for summary judgment on expedited processing. Mem. Op., ECF No. 17. The Court ordered expedited processing of Plaintiff's requests, "except with respect to the overbroad search terms 'whistleblower' and 'flight logs.'" Order, ECF No. 18. The Court further ordered that the Parties meet and confer "regarding whether further proceedings are necessary in this matter and, if so, proposing a schedule for next steps. Plaintiff shall indicate whether it would still like the court to consider its[] Motion for Leave to Amend in light of the court's resolution of Plaintiff's []Motion for Summary Judgment." Minute Order (Nov. 24, 2025).

5. Plaintiff would like the Court to consider its Motion for Leave to Amend and would like to continue this litigation under the proposed amended complaint.

**Defendants' Statement**

6. Because the Court has resolved the current complaint and its only count, Defendant believes the case is now moot. *See Alphabet Workers Union-Commc'n Workers of Am., Loc. 9009 v. Nat'l Lab. Rels. Bd.*, 134 F.4th 1217, 1227 (D.C. Cir. 2025) (explaining that the Court may raise mootness sua sponte). Defendant originally did not oppose Plaintiff's Motion for Leave to Amend because at the time summary judgment was pending and the case was not moot. At this juncture, however, Defendant opposes the pending motion because there is nothing left to amend. "A case is moot when a party has already obtained all the relief that it has sought." *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013) (internal quotation marks omitted). Entitlement to expedited processing was the sole claim in Plaintiff's Complaint, there is nothing more for the Court to resolve, and this litigation is presently moot. If plaintiff now wants to sue for disclosure of records, it needs to file a new complaint.

7. Defendants propose that next steps in the litigation be as follows.

   a. The Court denies Plaintiff's pending Motion for Leave to Amend.

   b. The Court issues final judgment.

**Plaintiff's Statement**

7. Defendants informed Plaintiff of their position above this afternoon after the parties previously agreed to a different course of future proceedings for the instant matter. Plaintiff's counsel has not yet had a full opportunity to consider the matters Defendant has raised and to consult with clients regarding those matters.

8. Plaintiff proposes to file a notice giving the Court its considered opinion on the proper course of further proceedings no later than Monday December 8, 2025 due to the short time for consideration.

Dated: December 5, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director

/s/ Jason K. Altabet
JASON K ALTABET
Trial Attorney (Md. Bar No. 2211280012)
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L St. NW
Washington, DC 20005
Tel: (202) 305-0727
Email: jason.k.altabet2@usdoj.gov

*Counsel for Defendants*


/s/ *Daniel A. McGrath*
Daniel A. McGrath
(D.C. Bar No. 1531723)
Amy C. Vickery*
(*admitted pro hac vice)
Robin F. Thurston
(D.C. Bar No. 7268942)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
dmcgrath@democracyforward.org
avickery@democracyforward.org
rthurston@democracyforward.org

*Counsel for Plaintiff*